```
           UNITED STATES DISTRICT COURT FOR THE
               MIDDLE DISTRICT OF PENNSYLVANIA

JIMMY ROBERTO JURADO-            :
DELGADO,                         :
                                 :
              Petitioner         :   CIVIL NO. 1:CV-07-0586
                                 :
         vs.                     :   (Judge Caldwell)
                                 :
THOMAS HOGAN, ET AL.,            :
                                 :
              Respondent.        :
```

*M E M O R A N D U M*

*I.     Introduction*.

On March 28, 2007, Petitioner Jimmy Roberto Jurado-Delgado, a detainee of U.S. Immigration and Customs Enforcement (ICE) at the York County Prison, York, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims his continued detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 191, 150 L.Ed.2d 653 (2001), as he "has been in post-final-order removal [status] for over six month." (*Id*.)

We will deny the petition because Petitioner's order of removal is not yet final, being the subject of a petition for review in the Third Circuit, where Petitioner has also obtained a stay of his removal. Circumstances here also indicate that

Petitioner does not otherwise have a due-process claim based on his continued detention.

*II.   Background*.

Jurado-Delgado is 36 years old and a citizen of Ecuador. (Doc. 1, Petition). Petitioner entered the United States in September 1985 as a legal permanent resident. In 1991, Petitioner was convicted of a summary offense in Pennsylvania. In 1992, Jurado-Delgado was convicted of making an unsworn falsification to authorities. In 1997, Jurado-Delgado was convicted of two crimes involving moral turpitude. These latter, unspecified offenses were the bases for his order of removal. (*Id.*)

Petitioner has been in ICE custody since November 2, 2005. During his removal proceedings before an Immigration Judge ("IJ"), Petitioner conceded his removability, "both on the initial charge and on a lodged charge that he falsely represented himself to be a United States citizen." (*Id.*) In a decision dated February 7, 2006, the IJ found the Petitioner removable as an alien convicted of two crimes involving moral turpitude, but granted his request for cancellation of removal under section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a) (2000). *Id.*, *See also In re Jurado-Delgado*, 24 I&N Dec. 29, 35 (BIA 2006). The IJ also ordered Jurado-Delgado released on

his own recognizance, without any financial bond, based on a finding that Petitioner "poses no risk of flight nor any danger to U.S. Society." (Doc. 1, Petition, Ex. B, Written Decision and Order re: Bond Proceedings).

The Department of Homeland Security ("DHS") appealed both the IJ's grant of cancellation of removal and the bond determination. (*Id.*) On May 2, 2006, the Executive Office for Immigration Review, Board of Immigration Appeals ("BIA"), 2006 WL 1558688, vacated the IJ's bond decision and directed Petitioner held without bond. On September 28, 2006, the BIA vacated the IJ's order granting Petitioner cancellation of removal after finding him ineligible for such relief. *See In re Jurado-Delgado*, 24 I&N Dec. 29, 35 (BIA 2006).

Jurado-Delgado filed a counseled petition for review with the Third Circuit.[1] (Doc. 1, Petition). On December 19, 2006, the court of appeals granted Petitioner's motion to stay his removal. (*Id.*)

Petitioner asserts that his order of removal became final on September 28, 2006, (*id.*), and that he has had one custody review since then, dated February 28, 2007. (*Id.*, Ex. C, Decision to Continue Detention - Stay). That decision was based

---

[1] The court takes judicial notice of the docket in *Jurado-Delgado v. Atty. Gen. USA*, No. 06-4495 (3d Cir.).

on a review of Petitioner's file and/or his personal interview and consideration of any information he submitted to ICE's reviewing officials. (*Id.*)  It stated as follows:

> You have not demonstrated that you would not
> pose a threat to society or pose a flight risk
> if you were released from custody.  A review
> of your criminal history shows numerous
> arrests dating back to 1991.  Those offenses
> include convictions for giving false
> identification to law enforcement, driving
> with a suspended license and theft.  All of
> these documents demonstrate your unwillingness
> to abide by the law and it is not clearly
> evident that you would report as required for
> your removal or abide by the requirements of
> an Order of Supervision if you were to be
> released from custody.  ICE is currently in
> the possession of a valid travel document
> issued by the Ecuador Consulate to effect your
> removal should the stay in your case be
> lifted.
>
> Based on the above, you are to remain in ICE
> custody pending your removal from the United
> States ...
>
> A stay of removal has been granted in your
> case.  If your stay has not been lifted within
> one year, you will be scheduled for a Post-
> Order Custody Review (POCR) and served with a
> Notice to Alien of File Custody Review.  If
> your stay is lifted within one year, a new 90-
> day removal period will begin on the date that
> the stay is lifted.  If you are not removed
> within that 90-day removal period a Post-Order
> Custody review will be conducted at the
> completion of the new removal period.

(Doc. 1, Petition, Ex. C, Decision to Continue Detention - Stay).

On March 15, 2007, Petitioner filed a second request for a panel review of his detention.  *Id.*, Ex. A.  In his request,

Jurado-Delgado asserted that his six-month period of presumptively reasonable post-final-order detention had been incorrectly calculated.  According to Petitioner, as his order of removal became final on September 28, 2006, he was improperly afforded a custody review "over 2 months after the expiration of [his] removal period, as opposed to sometime[ ] before its expiration as contemplated by 8 C.F.R. § 241.4(k)(1)(1)."  (*Id.*, Ex. A).  Petitioner also requested release pursuant to 8 C.F.R. § 241(d), contending his six-month post-removal period was set to expire on or about March 28, 2007.  (*Id.*)  Next, Petitioner sought a transfer of his "A-file from Pike County to York County."  (*Id.*)

On March 20, 2007, ICE denied Petitioner's request for a second review at his detention.  (*Id.*, Ex. C, York County Prison Detainee Request to ICE).  Jurado-Delgado was advised that he "will remain in custody pending the outcome of [his] case in the Third Circuit.  Your next review will be on December 27, 2007, which is one year from the day that your initial 90-day removal period expired.  The Pike County sub-office will also continue to maintain your file."  (*Id.*)

Jurado-Delgado contends ICE is required to afford him, a criminal alien, "an opportunity to be considered for conditional release pending judicial review of [his] administrative removal

-5-

order, the execution of which has been stayed by judicial" decree.

*III. Discussion.*

The detention, release, and removal of aliens subject to a final order of removal is governed by the provisions of 8 U.S.C. § 1231. Pursuant to § 1231(a), the Attorney General has ninety days to remove an alien from the United States after his order of removal becomes administratively final. During this ninety-day period, which is referred to in immigration terms as "the removal period,"[2] detention of the alien is mandatory. *See* 8 U.S.C. § 1231(a)(2). At the conclusion of the removal period, if the alien remains in the United States, his post-removal-period detention

---

[2] Section 1231(a)(1)(B) provides:

The removal period begins to run on the latest of the following:

(i)  The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if the court orders a stay of the removal of the alien, the date of the court's final order.

(iii)    If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

-6-

may be continued only as long as "reasonably necessary" to effectuate his removal from the United States. *Zadvydas*, 533 U.S. at 689, 121 S.Ct. 2498.[3]

We cannot grant Jurado-Delgado relief because his removal has been stayed by the Third Circuit while it reviews his challenge to the removal. Hence, pursuant to 8 U.S.C. § 1231(a)(1)(B)(ii) his removal period has yet to commence. *See Vasquez v. ICE*, 160 Fed. Appx. 199, 201 (3d Cir. 2005)(per curiam) (nonprecedential). As section 1231(a)(1)(B)(ii) provides, the removal period begins to run from the date of the court's final order if the removal order "is judicially reviewed and the court orders a stay of the removal of the alien." Petitioner's removal period will commence when the Third Circuit decides his petition for review (and assuming it is denied). Accordingly, Petitioner's challenge to his detention under *Zadvydas* is premature.

Nor can Jurado-Delgado mount a due-process challenge to his continued detention pending a decision from the Third Circuit. In *Oyedeji v. Ashcroft*, 332 F. Supp. 2d 747 (M.D. Pa. 2004)(Vanaskie, J.), the court recognized such a claim, reasoning that the "price for securing a stay of removal should not be

---

[3] Alternatively, he may be released under the supervision of the Attorney General. *See* 8 U.S.C. §§ 1231(a)(3) and (6).

contin[ued] incarceration," and ruling that the Due Process Clause of the Fifth Amendment requires that a criminal alien be afforded an opportunity to be heard in circumstances like Jurado-Delgado's. *Id*. at 753-754.

But such a claim would fail here as Petitioner admits ICE's February 28, 2007, decision afforded him an individualized determination on his request for release pending the execution of his final order of removal.  As noted, ICE determined that Jurado-Delgado was a flight risk and that ICE was currently in the possession of a valid travel document issued by the Ecuador Consulate to effect his removal should his stay be lifted.  Based on these facts, the court is satisfied that Petitioner was provided with due process.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: May 21, 2007

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JIMMY ROBERTO JURADO-        :
DELGADO,                     :
                             :
         Petitioner          :   CIVIL NO. 1:CV-07-0586
                             :
    vs.                      :   (Judge Caldwell)
                             :
THOMAS HOGAN, *ET AL.*,      :
                             :
         Respondent.         :

*O R D E R*

AND NOW, this 21st  day of May, 2007, it is ordered that:

1. The Petition for Writ of Habeas Corpus (doc. 1) is denied.

2 The Clerk of Court is directed to close this case.

/s/William W. Caldwell
William W. Caldwell
United States District Judge